**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001025
26-DEC-2014
08:40 AM**

NO. CAAP-14-0001025

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PROPERTY RESERVE, INC., A Utah Corporation,
acting through its duly Authorized agent,
HAWAII RESERVES, INC., a Hawaii corporation,
Plaintiffs/Counterclaim-Defendants/Appellees,
v.
DAWN K. WASSON, DAWN K. WASSON as Personal
Representative of the Estate of HENRY W. WASSON, SR.,
HENRY F. WASSON, et al.,
Defendants/Counterclaim-Plaintiffs/Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0916-04)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over this appeal that Defendants/

Counterclaim-Plaintiffs/Appellants Dawn K. Wasson, Dawn K. Wasson

as Personal Representative of the Estate of Henry W. Wasson, Sr.,

and Harry F. Wasson (the Wasson Appellants) have asserted from

the Honorable Jeannette H. Castagnetti's May 30, 2014

interlocutory order granting Plaintiffs/Counterclaim-Defendants/ Appellees Property Reserve, Inc. (Property Reserve), and Hawaii Reserves, Inc.'s (Hawaii Reserves), motion for default judgment against the Wasson Appellants, because the circuit court has not yet reduced the May 30, 2014 interlocutory order to a separate judgment.

Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2013) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) ("[A]n order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." (Citation omitted; emphasis added)). For example, the Supreme Court of Hawai'i has

explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal of claims for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphasis added)). When interpreting the requirement under HRCP Rule 58 for a separate judgment document that, on its face, resolves all claims against all parties, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

The May 30, 2014 interlocutory order is not a judgment, but, instead, it is an interlocutory order granting Appellees Property Reserve and Hawaii Reserves' motion for a default judgment against the Wasson Appellants. A provision on page three of the May 30, 2014 interlocutory order indicates the circuit court's intent to enter a judgment in the future by specifically providing that "[j]udgment shall be entered against the Wassons[,]" i.e., a judgment will be entered at some future

-3-

time against the Wasson Appellants. More importantly, however, for the past twenty years the holding in Jenkins has specifically required the entry of a separate judgment for the purpose of perfecting any party's right to appeal from a civil circuit court case. Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. The circuit court has not yet reduced its dispositive rulings in the May 30, 2014 interlocutory order to a separate judgment in this case.

Granted, this court has held that a default judgment is appealable, but only in a case where "there [wa]s only one plaintiff, one defendant, and one claim involved in this case." Casuga v. Blanco, 99 Hawai'i 44, 51, 52 P.3d 298, 305 (App. 2002) In contrast to Casuga, the instant case involves multiple parties and multiple claims, and the circuit court has not yet even entered a separate default judgment. Even if the circuit court had entitled the May 30, 2014 interlocutory order as a "judgment" document, the May 30, 2014 interlocutory order would still not qualify as an appealable final judgment because, although this case involves multiple claims and multiple parties, the May 30, 2014 order neither resolves all claims against all parties pursuant to HRCP Rule 58 nor contains an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). On August 22, 2014, the circuit court clerk filed the record on appeal for appellate court case number CAAP-14-0001025, which does not include any separate judgment document. Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay

doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), the May 30, 2014 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai‘i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai‘i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction. The May 30, 2014 interlocutory order will be eligible for appellate review only by way of a timely appeal from a future final judgment that resolves all claims against all parties, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai‘i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted); State v. Adam, 97 Hawai‘i 475, 482, 40 P.3d 877, 884 (2002) ("As a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." (Citations omitted).). Until the circuit court enters an appealable final judgment, however, any appeal by the Wasson Appellants is premature, and we must dismiss this appeal for lack of appellate jurisdiction.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a

court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001025 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 26, 2014.

Chief Judge

Associate Judge

Associate Judge

-6-